IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID SOWARDS, § § Plaintiff, § § V. § § No. 3:13-cv-4916-BN § CAROLYN W. COLVIN, § Acting Commissioner of Social Security, § § Defendant. § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff David Sowards seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

## Background

Plaintiff alleges that he is disabled as a result of hepatitis C, osteoarthritis, bipolar disorder, anxiety disorder, and tardive dyskinesia. After his February 13, 2008 application for disability benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). After three hearings, the ALJ issued an unfavorable decision, which the appeals council vacated and remanded for a new hearing and decision. *See* Administrative Record, Dkt. Nos. 11 & 12 ("Tr.") at 20, 231-33. The new hearing was held on March 6, 2013. *See id.* at 38-85. At the time of the hearing, Plaintiff was 55 years old. *See id.* at 43. He has an eleventh-grade education and has past work experience as a print machine operator, office clerk, and delivery driver. Plaintiff last met the insured status requirements of the Social

Security Act on December 31, 2006. He was 49 years old on that date and did not engage in substantial gainful activity during the period from his alleged onset date of July 1, 2001 through the last date insured, December 31, 2006. *See id.* at 21, 27.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that, through the date last insured, Plaintiff suffered from chronic hepatitis C, status post bilateral total knee replacement with sequelae of osteoarthritis, bipolar disorder, and anxiety disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 21, 24. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of sedentary work but could not return to his past relevant employment. *See id.* at 25, 27. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as an eye glass frame packager, lampshade assembler, or lens inspector – jobs that exist in significant numbers in the national economy. *See id.* at 28. Given his age, education, and exertional capacity for sedentary work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 27.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ's findings were not supported by substantial evidence because the ALJ failed to find Plaintiff's tardive

2

dyskinesia severe and include related limitations in the RFC, and (2) the ALJ improperly rejected the opinions of his treating psychiatrist. *See* Dkt. No. 17.

The Court determines that the hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical

or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant

from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's

5

substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

### Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ improperly rejected the opinion of Plaintiff's treating physician.

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (internal quotations omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (internal quotations omitted). But the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456; *accord Hernandez v. Barnhart*,

6

202 F. App'x 681, 682-83 (5th Cir. 2006) ("Additionally, this court has held that considerable weight can be given to the opinions of non-treating physicians, especially when the treating physician's evaluation is unsupported by the evidence. An ALJ can discount the weight of the opinions of treating physicians relative to the opinions of others if the treating physician's opinion and diagnosis is unsupported." (citing *Newton*, 209 F.3d at 456; *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995)).

Social security regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527(c). In *Newton*, the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. But, in decisions construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are

7

competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *Id.* at 466-67.

The ALJ acknowledged the opinion of Plaintiff's treating physician: "Dr. Abila Awan completed a Medical Assessment of Ability to do Work-Related Activities (Mental) on September 19, 2008. Dr. Awan noted substantial loss of ability to extreme loss of ability in understanding and carrying out instructions, sustained concentration and persistence, responding appropriately to supervision, co-workers, and usual work situation, and adapting to changes in a routine work setting." Tr. at 23, 938-41. The ALJ stated that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527." *Id.* at 25. The ALJ further stated, without elaboration, that he gave "no weight" to Dr. Awan's opinion "as it conflicts with the clinical notes," and instead the ALJ adopted the opinion of the State Agency medical examiner ("SAMC") "as it is consistent with the medical evidence of record." *Id.* at 27. Thus, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work, with the exception that Plaintiff could not have interaction with the general public and only occasional interaction with co-workers and supervisors, and Plaintiff had the ability to understand, remember, and carry out simple job instructions and work related tasks. *See id.* at 25, 807-08.

Defendant argues that this case falls under an exception to *Newton* because the ALJ noted the opinion of another treating physician, Erika M. Navarro, M.D.,who believed that, with adequate support, Plaintiff would be able to work. *See id.* at 22,

8

781. Plaintiff counters that the ALJ was precluded from giving special significance to Dr. Navarro's statement because it is on an issue reserved to the Commissioner. *See* 20 C.F.R. 416.927(e)(3). Plaintiff also points out that Dr. Navarro did not assess Plaintiff with specific functional limitations related to his impairments but that Dr. Awan did. And the ALJ expressly gave more weight to the non-examining, non-treating physicians than to either of the allegedly competing treating physicians.

Defendant also argues that the ALJ was not required to consider the Section 404.1527 factors because there was competing reliable medical evidence in the record. But the ALJ does not explain what that other evidence may be. *See Gittens v. Astrue*, No. 3:14-cv-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527(d)(2)"). The ALJ's mere citation to Section 404.1527 and statement that Dr. Awan's assessment conflicted with the clinical notes do not demonstrate an adequate consideration of the Section 404.1527 factors or demonstrate good cause to disregard Dr. Awan's opinion. The ALJ committed legal error by failing to consider the factors set forth in the Commissioner's regulations for evaluating treating physician opinions.

And the error here is not harmless because, if the ALJ had given more weight to Dr. Awan's opinion, he may have found Plaintiff disabled. Thus, Plaintiff has shown prejudice from the ALJ's failure to properly weigh Dr. Awan's opinion.

The Court finds that the ALJ's legal error in considering the medical evidence will necessarily require reconsideration, not only of the medical evidence, but of the remaining issues.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: November 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE